**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| NANCY JASPER, | ) |
| | ) |
| Plaintiff, | ) Case Number: 4:26-cv-1585 |
| | ) |
| v. | ) Jury Trial Demanded |
| | ) |
| MERCY HOSPITAL SOUTH and | ) |
| | ) |
| MHM SUPPORT SERVICES, | ) |
| | ) |
| Defendants. | ) |

## Complaint

Plaintiff Nancy Jasper, through counsel, for her Complaint against Defendants Mercy Hospital South and MHM Support Services (collectively, "Defendants"), states as follows:

## Parties and Jurisdiction

1. Plaintiff, Nancy Jasper, is an individual who resides in St. Louis County, Missouri. At all relevant times, Plaintiff was over forty years old.

2. Defendant Mercy Hospital South is a healthcare facility located at 10010 Kennerly Road, St. Louis, Missouri 63128. On information and belief, Mercy Hospital South employed Plaintiff and exercised control over the terms and conditions of her work.

3. Defendant MHM Support Services is located at 15740 South Outer 40, Chesterfield, Missouri 63017. On information and belief, MHM Support Services employed Plaintiff and exercised control over the terms and conditions of her work.

4. Plaintiff brings this action for age discrimination and retaliation in employment under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq*.

5. The discrimination and adverse employment actions, as described herein, occurred in St. Louis County, State of Missouri

6. At all relevant times, each Defendant was an employer engaged in an industry affecting commerce and employed at least twenty employees. Each Defendant was Plaintiff's employer, joint employer, agent, and/or integrated enterprise with respect to the employment actions alleged below.

7. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 626(c).

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because the unlawful employment practices alleged occurred in this District, including at Mercy Hospital South in St. Louis County, Missouri.

**<u>Facts Common to All Counts</u>**

9. Plaintiff was hired by Defendants in 2019 to work as a nurse practitioner at Mercy Hospital South.

10. During her employment with Defendants, Plaintiff was responsible for training all new nurse practitioners and physicians assistants. She successfully performed these tasks without increase in title or pay.

11. In February 2024, Defendants' Emergency Department Medical Director hired a new nurse practitioner. Upon information and belief this new employee is under the age of forty. This new nurse practitioner demonstrated egregiously sub-par competence. Plaintiff was assigned to train this new nurse practitioner.

12. The new nurse practitioner complained to the Director that Plaintiff was a harsh trainer. These complaints were unfounded as Plaintiff had never previously received complaints concerning her training techniques or abilities.

13. Prior to February 2024 Plaintiff never had any disciplinary issues while working for Defendants.

14. Plaintiff performed scheduling responsibilities for approximately five years. In or about March 2024, the Emergency Department Medical Director took those responsibilities away from Plaintiff and transferred them to a younger physician under the age of forty.

15. In or about March 2024, Plaintiff was subjected to a compliance audit and corrective meetings concerning remote chart access and reviewing patients in the waiting room. Younger providers engaged in materially similar conduct but were not audited or disciplined.

16. Plaintiff was also placed on a performance improvement plan and had her training responsibilities removed, even though she had been a regular trainer and preceptor for newer personnel for five years.

17. Defendants assigned disproportionate late-night shifts to older nurse practitioners, including Plaintiff, while younger nurse practitioners received preferential schedules.

18. Throughout her employment, Plaintiff performed her job successfully. In or about August 2024, at her annual performance review, Plaintiff received the highest available performance rating, described as "Sets a New Standard."

19. On September 27, 2024, Plaintiff met with the Vice President of Human Resources at Mercy Hospital South. During that meeting, Plaintiff complained that she was experiencing a hostile work environment based on her age and age discrimination.

20. On October 3, 2024, six days after Plaintiff's complaint to Human Resources, Defendants terminated Plaintiff's employment.

21. Defendants stated that Plaintiff was discharged because she was a "bully" and did not get along with others. Plaintiff alleges that this stated reason was false and pretextual.

22. The temporal proximity between Plaintiff's protected complaint and her termination, together with her positive performance record, the disparate treatment of younger practitioners, and the assertedly false reason for discharge, supports an inference that Defendants terminated Plaintiff because of her age and because she opposed age discrimination.

23. On or about February 6, 2025, Plaintiff timely filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") after she was terminated.

24. The EEOC issued Plaintiff a right to sue letter on August 27, 2026.

**Count I — Age Discrimination in Violation of the ADEA 29 U.S.C. § 623(a)**

25. Plaintiff incorporates by reference Paragraphs 1 through 24 as though fully set forth herein.

26. Plaintiff was over forty years of age at all relevant times and was therefore within the class protected by the ADEA.

27. Plaintiff was qualified for her nurse-practitioner position and performed her job successfully, as demonstrated by her recent highest-level performance evaluation.

28. Defendants subjected Plaintiff to adverse employment actions, including removal of her scheduling and training responsibilities, disparate discipline and scrutiny, less favorable scheduling, placement on a performance-improvement plan, and termination.

29. Defendants treated younger nurse practitioners more favorably than Plaintiff. Younger practitioners received preferential shifts and were not disciplined for conduct materially similar to conduct for which Defendants audited, reprimanded, and disciplined Plaintiff.

30. Any purported reasons offered by Defendants for Plaintiff's discharge are nothing but pretext to cover-up Plaintiff's illegal termination because of her age.

31. The actions and practices complained of herein were in violation of Plaintiff's rights secured by 29 U.S.C. § 621 *et seq*

32. Plaintiff's age was the but-for cause of Defendants' adverse employment actions against her, including her discharge.

33. By these actions, Defendants violated the ADEA, 29 U.S.C. § 623(a).

34. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff was wrongfully discharged, resulting in lost wages and other benefits of employment.

35. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

36. Defendants' violations of the ADEA were willful because Defendants knew, or showed reckless disregard for whether, their actions violated the ADEA, thus making an award of liquidated damages appropriate in this case pursuant to 29 U.S.C. § 626 (b).

WHEREFORE, Plaintiff Nancy Jasper respectfully requests that judgment be entered in her favor and against Defendants, jointly and severally where permitted by law, in an amount in excess of $25,000, and awarding Plaintiff damages for all lost wages and benefits she has suffered and will continue to suffer; awarding her damages for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation; awarding Plaintiff liquidated damages against the Defendants in an amount equal to the pecuniary losses awarded, based on Defendants' willful violations of the ADEA; awarding Plaintiff the costs

of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances

**Count II — Hostile Work Environment pursuant to 29 U.S.C. § 621 *et seq***

37. Plaintiff incorporates by reference Paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff is a member of a protected group in that she is over forty years old.

39. As set forth above, Plaintiff was subjected to unwelcome harassment because of her age.

40. Plaintiff's membership in this protected group was the but-for cause of the hostile work environment she suffered.

41. The terms, conditions, and/or privileges of Plaintiff's employment were affected by the hostile work environment described above in that Defendants created an intimidating, hostile or offensive work environment and/or its conduct had the purpose and/or effect of unreasonably interfering with Plaintiff's work performance.

42. The acts and/or omissions complained of herein were in violation of Plaintiff's rights secured by the ADEA 29 U.S.C. § 621 *et seq*.

43. As a direct and proximate result, the acts of the Defendants alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation.

44. Defendants' violations of the ADEA were willful because Defendants knew, or showed reckless disregard for whether, their actions violated the ADEA, thus making an award of liquidated damages appropriate in this case pursuant to 29 U.S.C. § 626 (b).

WHEREFORE, Plaintiff Nancy Jasper respectfully requests that judgment be entered in her favor and against Defendants, jointly and severally where permitted by law, in an amount in excess of $25,000, and awarding Plaintiff damages for all lost wages and benefits she has suffered and will continue to suffer; awarding her damages for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation; awarding Plaintiff liquidated damages against the Defendants in an amount equal to the pecuniary losses awarded, based on Defendants' willful violations of the ADEA; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances

**Count III — Retaliation in Violation of the ADEA 29 U.S.C. § 623(d)**

45. Plaintiff incorporates by reference Paragraphs 1 through 44 as though fully set forth herein.

46. Plaintiff engaged in protected activity when she complained to Defendants' Human Resources leadership on September 27, 2024, that she was experiencing age discrimination.

47. Defendants knew of Plaintiff's protected activity.

48. Defendants terminated Plaintiff's employment on October 3, 2024, six days after Plaintiff's protected complaint.

49. Plaintiff's protected activity was the but-for cause of Defendants' decision to terminate her employment.

50. By retaliating against Plaintiff for opposing age discrimination, Defendants violated the ADEA, 29 U.S.C. § 623(d).

51. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff was wrongfully discharged, resulting in lost wages and other benefits of employment.

52. As a direct and proximate result of the acts of Defendants as alleged herein, Plaintiff has suffered and will continue to suffer emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of reputation.

53. Defendants' violations of the ADEA were willful because Defendants knew, or showed reckless disregard for whether, their actions violated the ADEA, thus making an award of liquidated damages appropriate in this case pursuant to 29 U.S.C. § 626 (b).

WHEREFORE, Plaintiff Nancy Jasper respectfully requests that judgment be entered in her favor and against Defendants, jointly and severally where permitted by law, in an amount in excess of $25,000, and awarding Plaintiff damages for all lost wages and benefits she has suffered and will continue to suffer; awarding her damages for her emotional injuries, including but not limited to emotional pain and suffering, mental anguish, inconvenience, humiliation, embarrassment, loss of enjoyment of life, stress, and loss of personal and professional reputation; awarding Plaintiff liquidated damages against the Defendants in an amount equal to the pecuniary losses awarded, based on Defendants' willful violations of the ADEA; awarding Plaintiff the costs of this action, together with her reasonable attorneys' fees; and granting such other and further relief as may appear to the Court to be equitable and just under the circumstances.

**Jury Demand**

Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

PLEBAN& ASSOCIATES LAW, LLC

By: ______/s/ *J.C. Pleban*___________________

J.C. Pleban, Mo. Bar No. 63166
jc@plebanlaw.com
Benjamin P. Kates, Mo. Bar No. 65557
bkates@plebanlaw.com
2010 South Big Bend Blvd.
St. Louis, MO 63117
(314) 645-6666 - Telephone
(314) 645-7376 - Facsimile

*Attorneys for Plaintiff*